988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dick Ozbun TRAVIS, Defendant-Appellant.
 No. 92-30137.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 10, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-82-60011-03-MRH; Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dick Ozbun Travis appeals his conviction for conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(a)(1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and attempt to manufacture phenylacetone, in violation of 21 U.S.C. § 846 and § 841(a)(1). Travis argues that the district court erred in denying his motion to suppress evidence seized during a search of his residence on March 17, 1982, because the information in the search warrant affidavit did not support a finding of probable cause and because the affidavit omitted evidence which was material to the finding of probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The determination of whether probable cause exists for the issuance of a search warrant requires an examination of the "totality of the circumstances" to determine whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).[1] "The [reviewing] court may not reverse a magistrate's finding of probable cause unless it is clearly erroneous." United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991).
 
 
 4
 A district court's denial of a motion to suppress is reviewed de novo. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992). Factual findings at the suppression hearing are reviewed for clear error. Id.
 
 II
 
 5
 The search warrant affidavit in this case stated that a confidential informant had been shown a garage containing laboratory equipment and chemicals; that during the visit the informant was given a bottle which was stated to contain residue from the manufacture of a precursor to methamphetamine; that the affiant knew the informant to be familiar with methamphetamine because the informant had sold methamphetamine to a police officer; that the informant directed the affiant to the property where the laboratory was located and that the property was determined to belong to Travis; that phone records showed calls from Travis's property to a chemical firm, to co-defendant Dallas Bargett, and to other individuals known by the affiant to be involved in narcotics trafficking; and that during a meeting between the informant and Bargett less than one month before the warrant was issued, Bargett indicated that the laboratory was still located at Travis's residence.
 
 
 6
 Based upon this information, the magistrate judge's finding of probable cause was not clearly erroneous.
 
 III
 
 7
 Travis also contends that certain information was improperly excluded from the search warrant affidavit and would have precluded a finding of probable cause if they were included. "The government need not include all of the information in its possession to obtain a search warrant." United States v. Johns, 948 F.2d 599, 606 (9th Cir.1991) (emphasis in original), cert. denied, 112 S.Ct. 3046 (1992). Omission of facts affects the validity of a warrant "only if the omitted facts cast doubt on the existence of probable cause." Id. at 606-07 (internal quotations omitted).
 
 
 8
 Travis complains of the omission of a series of seemingly incredible statements made by the informant during an interview with law enforcement officers. Travis argues that the inclusion of these statements in the affidavit would have cast doubt on the credibility of the informant and undermined the finding of probable cause. The informant said, among other things, that Travis had five billion dollars of equipment in his garage laboratory, that everything in the laboratory had a blue aura around it when the power was on, that Travis had a nuclear warhead, that nerve gas would be released from cylinders if the wall of the laboratory was kicked in a certain place, that Travis had lasers which could shoot helicopters out of the sky, that the informant would do drugs and stay awake for 21 to 22 days, and that the informant was stoned during the interview at which he made these statements and at most times. The government does not contradict that the informant made these statements.
 
 
 9
 The district court heard testimony from DEA Agent Roger Miles, the affiant of the search warrant affidavit, at the hearing on Travis's motion to suppress. Miles testified that he did not think it necessary to include the additional statements of the informant needed to be included in the affidavit and that he was not trying to mislead the magistrate judge. Furthermore, Miles indicated that many of the seemingly incredible statements of the informant appeared to have some basis in fact. He testified that there were appeared to be gas spigots in the laboratory, that there was a laser in the laboratory, and that there was an object which looked like a bomb or warhead.
 
 
 10
 The district court concluded that "[t]he affidavit sufficiently establishes the reliability of the informant in the areas relevant to the issuance of the warrant" and that "[t]he informant's information was self-corroborating and was corroborated by other evidence in the affidavit." Cf. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988) ("The omission of material bearing on the informants' credibility was not material because the magistrate was provided sufficient circumstances to have a substantial basis for finding probable cause."), cert. denied, 489 U.S. 1032 (1989).
 
 
 11
 Travis also argues that the affidavit should have included the information in a March 3, 1982 report by Miles that the laboratory at Travis' residence was not operating because of the confidential informant's arrest. Because the relevant inquiry in determining the existence of probable cause is whether "contraband or evidence of a crime will be found in a particular place," Gates, 462 U.S. at 238, it is not material that the laboratory was not operating. Miles's report actually supports the finding that there was probable cause that contraband would be found at Travis's residence.
 
 
 12
 Because we defer to the district court's assessment of Miles's testimony and because many of the omitted statements by the informant support the conclusion that there was a laboratory on Travis's property, we conclude that the totality of the circumstances in this case supports a finding of probable cause and that the district court did not err in denying Travis's motion to suppress.
 
 IV
 
 13
 Because we conclude that there was probable cause for issuance of the warrant in this case, we need not reach the government's argument that the good faith exception to the exclusionary rule applies.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Travis urges us to apply the test of search warrant validity of Aguilar v. Texas, 378 U.S. 108 (1964) and Spinelli v. United States, 393 U.S. 410 (1969), which was the law at the time of Travis's trial. This test was specifically rejected by the Supreme Court in Gates. Gates, 462 U.S. at 230-41. In United States v. Estrada, 733 F.2d 683, 684-85 (9th Cir.), cert. denied, 469 U.S. 850 (1984), this court held that the Supreme Court's decision in Gates applies retroactively